# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3510 | **DATE** | 7/30/2010 |
| **CASE TITLE** | JESSICA BENUZZI v. BOARD OF EDUCATION OF THE CITY OF CHICAGO, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' bill of costs [104] is granted in part. Defendants are awarded $3,290.83 in costs. Plaintiff's motion for reconsideration [102] of the May 27, 2010 summary judgment order is denied. SEE BELOW FOR DETAILS.

*Suzanne B. Conlon*

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

Jessica Benuzzi sued the Board of Education of the City of Chicago and Cheryl Watkins, alleging that defendants discriminated against her on account of her race, age, gender, and disability, and retaliated against her for filing complaints with the Equal Employment Opportunity Commission. Summary judgment was entered in defendants' favor. Defendants seek costs of $3,340.22. Plaintiff moves the court to reconsider the entry of summary judgment.

There is a strong presumption that prevailing parties are entitled to an award of costs, as permitted by statute. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay justifies denying costs. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). Benuzzi does not claim an inability to pay, but she argues that misconduct by defendants and counsel justifies a denial of costs. Several discovery disputes arose during the pendency of the case, but there is no substance to Benuzzi's allegations of misconduct. Defendants are entitled to an award of costs. The court must determine that each item requested is recoverable under 28 U.S.C. § 1920, and that the amounts are reasonable and necessary to the litigation. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

Defendants seek $821.40 in photocopying costs for courtesy copies submitted to the court and discovery documents provided to Benuzzi. Prevailing parties are entitled to recover the costs of copying necessary documents; $0.20 per page is reasonable. 28 U.S.C. § 1920(4); *Kaplan v. City of Chicago*, No. 05 C 2001, 2009 WL 1940789, at *4 (N.D. Ill. July 6, 2009) (Leinenweber, J.). Defendants are awarded these costs in full.

| | Courtroom Deputy Initials: | air |
|---|---|---|

## STATEMENT

Defendants seek $2,518.82 for the cost of transcripts, deposition exhibits, and court reporter attendance fees. Each of these items is statutorily recoverable. 28 U.S.C. § 1920. The record supports defendants' need to obtain the deposition transcripts and exhibits to defend against Benuzzi's claims. Benuzzi does not argue otherwise. The requested transcript fees are within the permissible page rates — $3.65 per page for original transcripts and $0.90 per page for copies. Local Rule 54.1(b); Gen. Order, U.S. Dist. Ct., N.D. Ill., http://10.205.15.104/CLERKS_OFFICE/CrtReporter/trnscrpt.htm (updated Oct. 29, 2007). The court reporter attendance fee of $55 per hour is also reasonable. *Buffone v. Rosebud Rest., Inc.*, No. 05 C 5551, 2006 WL 3196931, at *2 (N.D. Ill. Oct. 31, 2006) (Conlon, J.). However, $0.35 per page for copying deposition exhibits is excessive. *Kaplan*, 2009 WL 1940789, at *4 (costs of $0.10 to $0.20 per page are reasonable). The cost of copying deposition exhibits is reduced to $0.20 per page. Accordingly, defendants are awarded $2,469.43 for transcripts, exhibits, and attendance fees.

Benuzzi moves for reconsideration of the court's May 27, 2010 order granting summary judgment to defendants. Altering or amending a judgment under Fed. R. Civ. P. 59(e) is permissible only when there is newly-discovered evidence or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Benuzzi merely disagrees with the court's ruling, arguing that she established genuine issues of dispute sufficient to withstand summary judgment. A motion for reconsideration is not an appropriate vehicle for rehashing previously rejected arguments or arguing matters that could have been considered during the pendency of defendants' summary judgment motion. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996). Benuzzi has not established a valid basis for reconsideration.

*Suzanne B. Conlon*