UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA BENUZZI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | |
| | ) | No. 09 CV 3510 |
| BOARD OF EDUCATION OF THE | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Defendant has moved to dismiss on the grounds that plaintiff's Second Amended Complaint exceeds the two issues which the Seventh Circuit in this case remanded for trial. According to defendant, the remand was limited, "finding as a matter of law against Plaintiff except on two specific and narrow issues," namely, whether the memo limiting plaintiff's hours of access to the school and the notice of discipline hearing given to plaintiff immediately after her deposition in this case were retaliatory. (Motion to Dismiss at 2,1 3.) Defendant argues in addition that the Seventh Circuit foreclosed any claim that Benuzzi's second suspension was retaliatory, since the amount of time that passed from the protected conduct (the EEOC charge) and the putative adverse action was too long. (Motion to Dismiss at 5.) This court concludes that the order of remand was not so limited. Rather, it was limited only insofar as it resolved everything except plaintiff's retaliation claim. The Seventh Circuit's opinion in this case concludes as follows:

> . . . there are genuine issues of material fact as to the adverse nature of the actions the defendants took against Benuzzi in the wake of her deposition, and whether those actions were causally linked to Benuzzi's participation in this case. We therefore vacate the district court's grant of summary judgment on Benuzzi's retaliation claim and remand for trial.

As defendant concedes, the Seventh Circuit does not use the term "limited remand." In fact, the key language here, as far as this court can determine, is this: "We therefore vacate the district court's grant of summary judgment on Benuzzi's retaliation claim and remand for trial." That language could hardly be more clear in setting aside the district court's grant of summary judgment on the entire retaliation claim and remanding that entire claim for trial. The preceding language, on which the defendant relies in making its limited remand argument, is the Seventh Circuit's explanation of what the district court erred in failing to consider in connection with the retaliation claim, not the outer limit of what the district court on remand could consider.

The opinion contains other language which makes this conclusion clear. For one thing, the Seventh Circuit found it so clear that plaintiff had succeeded in raising a material issue of disputed fact under the direct theory of retaliation that it did not even reach the question of whether she had made an adequate case under the indirect method. 647 F.3d at 664. The resolution of her retaliation claim under both the direct and indirect method was remanded for trial. *Id.* If this weren't clear enough, the court of appeals made clear that the category of "materially adverse actions" for retaliation purposes is broader than the "adverse employment action" category in a discrimination claim. 647 F.3d at 665. In determining whether the notice of disciplinary action and hours restriction memorandum were adverse for retaliation purposes, the court of appeals observed that "context is a crucial consideration," which might make a written warning, which standing alone would not constitute an adverse action, a proper subject for the jury to consider. 647 F.3d at 665. All the court of appeals was saying was that plaintiff should have an opportunity to prove that these were adverse actions, not that her entire retaliation case was limited to them.

That having been said, there is no question that the Second Amended Complaint is so full of immaterial information that it is close to useless as a guide to the allegations that will be tried in this case. Despite Judge Conlon's obvious impatience with plaintiff's prolix materials, plaintiff persists in pleading detailed facts, apparently hoping her opponent and the court will do the work of separating the wheat from the chaff or, even worse, that the jury will become confused at what is at issue and the confusion will benefit plaintiff. This court will not subject itself, the defendant or the jury to such a potentially prejudicial and misleading mess.

Just as an example, starting with paragraph 13, plaintiff describes in detail the charge of discrimination she filed with the EEOC. This is inappropriate for so many reasons it is hard to know where to start. For one thing, plaintiff's discrimination charge is not relevant to this litigation at this point, since Judge Conlon granted summary judgment to defendant on this claim and the Seventh Circuit affirmed. Why should this complaint describe EEOC claims that are no longer part of this case? Second, plaintiff, in the guise of describing her irrelevant EEOC claims, manages to lard her complaint with all kinds of hearsay as to what she thought defendant did wrong. None of this material would be admissible, even if plaintiff's discrimination charge were at issue, so why it belongs in the complaint is an utter mystery. The detailed fact pleading, completely inappropriate in a notice pleading system, allows plaintiff to describe in detail everything that happened to her, whether she claims it was retaliatory or not and whether she claims it amounted to an adverse action or not. With such a pleading mess, the court cannot fulfill its responsibility of ensuring that the jury hear only evidence relevant to plaintiff's claim.

The complaint is therefore stricken. Plaintiff may, by January 23, 2013, file a Third Amended Complaint which makes clear the adverse actions which form the gravamen of plaintiff's retaliation claim and which eliminates **all** extraneous factual allegations.

## CONCLUSION

The motion to dismiss is denied. The motion to strike is granted.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 4, 2013